**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| ADDvantage Technologies Group, Inc., | ) | Case No. 24-40225 |
| Debtor. | ) | |
| In re: | ) | Chapter 7 |
| Fulton Technologies, Inc., | ) | Case No. 24-40226 |
| Debtor. | ) | |
| In re: | ) | Chapter 7 |
| Nave Communications Company, | ) | Case No. 24-40227 |
| Debtor. | ) | |
| In re: | ) | Chapter 7 |
| ADDvantage Triton LLC, | ) | Case No. 24-40228 |
| Debtor. | ) | |

# CHAPTER 7 TRUSTEE'S UNOPPOSED MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019 AND AUTHORIZING ACTIONS CONSISTENT THEREWITH

## 21-DAY NEGATIVE NOTICE

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written response in opposition to the motion, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this motion unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE listed in the certificate of service unless the court shortens or extends the time for filing such response. If no response in opposition to the objection is timely served and filed, this objection to exemption shall be deemed to be unopposed, and the court may enter an order sustaining the objection. If a response in opposition is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Linda S. Payne, the Chapter 7 Trustee (the "**Trustee**") in the above-referenced bankruptcy cases, files this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving that certain Settlement Agreement to settle claims of the estates against Joseph E. Hart, Michael Rutledge, Damon Slachter, and Michael Burch (collectively, the "**D&Os**," and together with the Trustee, the "**Parties**"), attached hereto as **Exhibit A-1**. In support of the Motion, the Trustee represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a) and 363 of title 11 of the Bankruptcy Code (the "**Bankruptcy Code**") and Rule 9019 of the Bankruptcy Rules.

## RELEVANT BACKGROUND

### A. FACTS LEADING UP TO THE FILING OF THE MOTION

3. The Trustee alleges that the D&Os acted as the Directors and Officers of ADDvantage Technologies Group, Inc., Fulton Technologies, Inc., Nave Communications Company, and ADDvantage Triton, LLC (collectively, the "**Debtors**").

4. The Debtors acquired an insurance Policy No. DOL1346010 through Great American Insurance Group ("**Great American**") that provide coverage for certain claims against the D&Os as described in the policy (the "**Policy**").

5. On January 31, 2024 (the "**Petition Date**"), each of the Debtors filed with this Court voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

6. Linda S. Payne is the acting Chapter 7 Trustee of the bankruptcy estates of the Debtors (the "**Estates**").

7. The Trustee, through her counsel, provided written notice of potential claims against the D&Os to Great American and the D&Os on or about January 31, 2025.

8. On August 7, 2025, the Trustee issued a Second Notice of Claims to Great American and the D&Os, outlining alleged wrongful acts by the D&Os covered under the Policy.

9. On December 4, 2025, after the D&Os tendered a letter to all carriers, reporting the receipt of the Trustee's allegations and seeking coverage assistance and after the Trustee sent a draft Adversary Complaint to counsel for the D&Os, the Trustee sent an additional letter to Great American again alleging wrongful conduct and demanding relief from each of the D&Os.

10. The D&Os have denied any liability to the Trustee or the Estates.

11. To avoid the uncertainties and expense of litigation, and pursuant to a mediation conducted on June 11, 2026, the Parties, without making any admission of liability, desire to compromise and settle any and all claims between them upon the terms set forth in the Settlement Agreement dated July 30, 2026 (the "**Settlement Agreement**") (**Exhibit A-1**).

### B. SUMMARY OF THE SETTLEMENT TERMS

12. The Settlement Agreement provides that the Trustee, through her counsel, shall prepare, file, and serve this Motion, pursuant to Bankruptcy Rule 9019, seeking approval of the terms of the Settlement Agreement and authorizing the Trustee, the Estates, and the Debtors to enter into the Settlement Agreement. It is expressly understood that the Settlement Agreement and the terms, conditions and obligations set forth therein are subject to approval by the United States Bankruptcy Court for the Eastern District of Texas (the "**Bankruptcy Court**").

13. Great American shall pay to the Trustee, on behalf of the D&Os, the sum of $2,800,000.00 (the "**Settlement Sum**"). The Settlement Sum shall be delivered to the Trustee within fourteen (14) days any order approving the Motion (the "**Order**") becomes final and non-appealable. The Settlement Sum shall be allocated and paid via wire or ACH transfer pursuant to the terms and banking information set forth in the Settlement Agreement.

14. In further consideration of the agreements, covenants and releases set forth in the Settlement Agreement, effective upon the date that any order approving the 9019 Motion becomes final and non-appealable, the Trustee, on behalf of the Debtors and the Debtors' Estates, hereby release, acquit and discharge the D&Os, together with their respective attorneys, insurers, employees, agents, representatives, co-directors (past or present), co-officers (past or present), heirs, assigns, transferees, affiliates, predecessors, successors and related entities, and any other Director or Officer of the Debtors, from and against any and all claims, defenses, liabilities and causes of action, known or unknown, that have been or could have been asserted against the D&Os, any other Director or Officer of the Debtors, or under the Policy. For the avoidance of doubt, the Trustee confirms that any claims the Trustee may have against Damon Slachter for damages resulting from his creation of a third-party company unrelated to the Debtors and any attendant profits made as a result of the new company taking business from the Debtors and the Debtors' Estates has been satisfied by the Settlement Sum.

15. In further consideration of the agreements, covenants and releases set forth in the Settlement Agreement, effective upon the date that any order approving the 9019 Motion becomes final and non-appealable, the D&Os, together with their respective insurers, employees, agents, representatives, heirs, assigns, transferees, predecessors, and successors hereby release, acquit and discharge the Trustee, the Debtors' Estates, and the Debtors, together with their respective

attorneys, insurers, employees, agents, representatives, heirs, assigns, transferees, affiliates, predecessors, successors and related entities, from and against any and all claims, defenses, liabilities and causes of action, known or unknown, that have been or could have been asserted against the Trustee, the Debtors' Estates and the Debtors.

16. In further consideration of the agreements, covenants and releases set forth in the Settlement Agreement, effective upon the date that any order approving the 9019 Motion becomes final and non-appealable, the Trustee, the Debtors' Estates, and the Debtors hereby fully and finally release, acquit and discharge the Policy (Policy No. DOL1346010) and Great American from and against any and all claims, defenses, liabilities and causes of action, known or unknown, that have been or could have been asserted under or against the Policy or Great American.

17. The Settlement Agreement shall become effective upon the date that an Order granting this 9019 Motion shall have been entered by the Bankruptcy Court and becomes final and non-appealable, in form and substance satisfactory to the Parties (the "**Effective Date**"). The Parties expressly acknowledge that entry of such Order shall be a condition precedent to any payment obligation of the Settlement Sum and to the effectiveness of the releases and the dismissal of the Adversary Proceeding.

## BASIS FOR RELIEF REQUESTED

18. The proposed settlement in this case is fair, equitable, and in the best interests of the estate—it thus meets the controlling standards set forth by the Fifth Circuit and should be approved by the Court.

19. Bankruptcy Rule 9019(a) provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. The approval of a settlement under Bankruptcy Rule 9019 is within the discretion of the bankruptcy court, which must determine if the settlement is fair, equitable, and in the best interests of the estate. See *In re Age*

*Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015); *see also In re AWECO Inc.*, 725 F.2d 293, 297 (5th Cir. 1984) ("[A]pproval of a compromise is within the sound discretion of the bankruptcy court.") and *In re Jackson Brewing Co.*, 624 F.2d 599, 602-03 (5th Cir. 1980). Settlements are favored in bankruptcy cases to minimize litigation costs, expedite the administration of the estate, and provide for the efficient resolution of claims. *Id.; see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).[1]

20. The Fifth Circuit has outlined specific factors for bankruptcy courts to consider when determining whether to approve a proposed settlement. These factors include: (1) the probability of success in the litigation with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise. *See Jackson Brewing Co.*, 624 F.2d at 602; *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1995). Additional considerations include the best interests of creditors, with proper deference to their reasonable views, and the extent to which the settlement is the product of arms-length bargaining and not of fraud or collusion. *See id.*

21. Taken together, all the relevant factors for analysis of the proposed Settlement Agreement weigh in favor of approval of the proposed Settlement Agreement, as follows:

a. <u>Probability of Success in Litigation</u>: All litigation presents a degree of risk. The Trustee believes in the strength of the claims against the D&Os. But given the potential defenses and the complexities involved, the probability of success is uncertain, and the Trustee wishes to avoid the inevitable costs and delays associated

[1] These principles are well-established by a consistent line of controlling jurisprudence. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997).

with trying those claims and believes that the proposed Settlement Agreement represents a more efficient and economical method of resolving its claims against the Debtors' directors and officers. Accordingly, certainty of the results is a benefit to the creditors of the Debtors' estate, who could be harmed (by the costs and delays) should the litigation not achieve the Trustee's desired results.

b. Complexity, Expense and Likely Duration: Resolving all issues in connection with the Trustee's proposed claims against the D&Os will require the Parties to research and brief complicated issues, as well as prepare for hearings and trials—all of which would be complex, time-consuming, and costly. Settlement replaces these burdens with a prompt resolution and immediate benefit to the estate. Settlement is likewise in the best interests of the creditors, as it provides a definite sum of $2,800,000.00 to the estate, avoiding the risks and costs associated with protracted litigation and ensuring a quicker distribution to creditors. In short, it could easily be costly and time-consuming to have the Court resolve all the claims against the D&Os, and the Trustee is of the belief that all parties benefit (as do the creditors of the Debtor's estate) from approval of the Settlement Agreement and the efficiencies gained by avoiding contested hearings and litigation.

c. All Other Factors Bearing on the Wisdom of the Compromise: The creditors of the Debtors' Estates will directly benefit from the approval of the Settlement Agreement through the Estates receipt of the Settlement Sum. Furthermore, it is undisputed that the Settlement Agreement was reached through arms-length negotiations and mediation, reflecting a fair compromise of the disputes between the parties without any evidence of fraud or collusion. Further, the

contemporaneous release of claims that have been or could have been asserted against the Parties is also an efficient and reasonable solution. The Parties began dialogue surrounding the claims in early 2025 and finally reached an agreed settlement after a year and a half of discussions and mediation. Resolving the Parties' claims now will greatly benefit the Estates and the creditors.

22. Each of the above factors supports the Trustee's decision to enter into the Settlement Agreement under the terms provided therein for the benefit of the creditors.

23. To the Trustee's knowledge, no party opposes the resolution outlined in the Settlement Agreement.

24. The settlement provides an immediate and certain benefit to the Estates. Approval of the Settlement Agreement is thus in the best interests of creditors.

25. The Settlement Agreement meets the Fifth Circuit's standards. Accordingly, this Court should approve the proposed Settlement Agreement.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this, or any other, Court.

## NOTICE

27. Notice of this Motion shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' principal secured parties; (c) counsel for the Debtors; (d) counsel for the D&Os; (e) the creditors included on the list filed pursuant to Bankruptcy Rule 1007(d); (f) parties requesting notice pursuant to Bankruptcy Rule 2002; and (g) all parties listed on the mailing matrixes for all four Cases. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of **Exhibit A** to this Motion: (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Respectfully Submitted:

Dated: August 3, 2026
Dallas, Texas

**THOMPSON COBURN LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
2100 Ross Avenue Suite 3200
Dallas, TX 75201
Telephone: (972) 629-7100
Facsimile: (972) 629-7171
Lboydston@thompsoncoburn.com
arahn@thompsoncoburn.com

*Attorneys for Linda S. Payne, the Ch. 7 Trustee*

**DECLARATION OF LINDA S. PAYNE IN SUPPORT OF SETTLEMENT**

I am the Chapter 7 Trustee in the above-captioned cases. The Settlement Agreement, which is the subject of this Motion and attached hereto as Exhibit A-1, was negotiated at arms-length. It is my professional opinion that the Settlement Agreement referenced in this Motion is in the best interest of the Estates and comports with the settlement standards of *Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *Reh'g denied*, 391 U.S. 909 (1968); *River City vs. Herpel, (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980); *In re Age Refining, Inc.,* 801 F.3d 530, 540 (5th Cir. 2015); and *Con. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.),* 68 F.3d 914, 917 (5th Cir. 1995). Accordingly, the Settlement Agreement should be approved.

*/s/ Linda S. Payne*
Linda S. Payne, Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 3, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to the following if they consented to such service: (a) the Office of the United States Trustee; (b) the Debtors' principal secured parties; (c) counsel for the Debtors; (d) counsel for the D&Os; (e) the creditors included on the list filed pursuant to Bankruptcy Rule 1007(d); (f) parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) via US Postal Service on everyone listed on the attached mailing list, which is compiled from the mailing matrixes for all four Cases.

# EXHIBIT A

# PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re:<br>ADDvantage Technologies Group, Inc.,<br>Debtor. | )<br>)<br>) | Chapter 7<br>Case No. 24-40225 |
| In re:<br>Fulton Technologies, Inc.,<br>Debtor. | )<br>)<br>) | Chapter 7<br>Case No. 24-40226 |
| In re:<br>Nave Communications Company,<br>Debtor. | )<br>)<br>) | Chapter 7<br>Case No. 24-40227 |
| In re:<br>ADDvantage Triton LLC,<br>Debtor. | )<br>)<br>) | Chapter 7<br>Case No. 24-40228 |

**ORDER APPROVING**
**CHAPTER 7 TRUSTEE'S UNOPPOSED MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019 AND AUTHORIZING ACTIONS CONSISTENT THEREWITH**

Upon consideration of the *Chapter 7 Trustee's Unopposed Motion for Entry of an Order Approving Settlement Agreement Pursuant to Bankruptcy Rule 9019 and Authorizing Actions Consistent Therewith* (the "**Motion**"), filed concurrently herewith, this Court having considered (a) the Motion; (b) the Settlement Agreement attached as **Exhibit A-1** hereto (the "**Settlement Agreement**"); and (c) the arguments and law cited in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties-in-interest; and this Court having found the Settlement Agreement fair and equitable; and this Court having analyzed (1) the probability of success in

litigating the claims subject to the Settlement Agreement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise, including: (i) the best interests of the creditors, with proper deference to their reasonable views; and (ii) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and all other documents filed in support of the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish good cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Settlement Agreement attached hereto as <u>**Exhibit A-1**</u> is approved in all respects pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3. The Trustee, Defendants, D&Os, GAIC, and all other parties are authorized to take all actions necessary to effectuate the terms of the Settlement Agreement.

4. This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and this Order.

# EXHIBIT A-1

## SETTLEMENT AGREEMENT

| | |
|---|---|
| In re:<br>ADDvantage Technologies Group, Inc.,<br>Debtor. | ) Chapter 7<br>) Case No. 24-40225<br>) |
| In re:<br>Fulton Technologies, Inc.,<br>Debtor. | ) Chapter 7<br>) Case No. 24-40226<br>) |
| In re:<br>Nave Communications Company,<br>Debtor. | ) Chapter 7<br>) Case No. 24-40227<br>) |
| In re:<br>ADDvantage Triton LLC,<br>Debtor. | ) Chapter 7<br>) Case No. 24-40228<br>) |

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "**Agreement**"), is made by and between LINDA S. PAYNE, THE CHAPTER 7 BANKRUPTCY TRUSTEE FOR ADDVANTAGE TRITON LLC, FULTON TECHNOLOGIES, INC., NAVE COMMUNICATIONS COMPANY, AND ADDVANTAGE TECHNOLOGIES GROUP, INC. (the "**Trustee**") and JOSEPH E. HART, MICHAEL RUTLEDGE, DAMON SLACHTER, and MICHAEL BURCH (collectively, the "**Defendants**"), and GREAT AMERICAN INSURANCE GROUP ("**Great American**") the insurer on behalf of the Defendants (the Trustee, the Defendants, and Great American shall be referred to collectively herein as the "**Parties**"), entered into as of the 30th day of July, 2026.

## I.
## RECITALS

WHEREAS, the Trustee alleges that each of the Defendants acted as Directors and/or Officers of ADDvantage Triton LLC, Fulton Technologies, Inc., Nave Communications Company, and ADDvantage Technologies Group, Inc. (collectively, the "**Debtors**");

WHEREAS, the Debtors acquired a policy of directors' and officers' liability insurance (Policy No. DOL1346010) through Great American that provides coverage for certain claims against the Defendants and other directors and officers, as more particularly described in the policy (the "**Policy**");

WHEREAS, the Debtors filed petitions for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division (the "**Bankruptcy Court**"): ADDvantage Technologies Group, Inc., Case No. 24-40225; Fulton Technologies, Inc., Case No. 24-40226; Nave Communications Company, Case No. 24-40227; and ADDvantage Triton LLC, Case No. 24-40228;

WHEREAS, Linda S. Payne was appointed as the Chapter 7 Bankruptcy Trustee for the bankruptcy estates of the Debtors (the "**Estates**");

WHEREAS, the Trustee, through her counsel, provided written notice of potential claims against the Defendants to Great American on or about January 31, 2025.

WHEREAS, on August 7, 2025, the Trustee issued a Second Notice of Claims to Great American, outlining extensive wrongful acts by the Defendants.

WHEREAS, on December 4, 2025, after the Defendants tendered a letter to all carriers, reporting the receipt of the Trustee's allegations and seeking coverage assistance and after the Trustee sent a draft Adversary Complaint to counsel for the Defendants, the Trustee sent an additional letter to Great American again alleging wrongful conduct and demanding relief from each of the Defendants.

WHEREAS, the Trustee, through her counsel, filed a complaint against Michael Burch ("**Burch**") on January 30, 2026 under Adversary Proceeding number 26-04010 relating to Case No. 24-40227 alleging breach of fiduciary duty, aiding and abetting, corporate waste, and business diversion (the "**Adversary Proceeding**").

WHEREAS, the Defendants have denied any and all liability to the Trustee, the Debtors, or the Estates;

WHEREAS, in order to avoid the uncertainties and expense of litigation, the Parties, without making any admission of liability to the other, desire to compromise and settle any and all claims between them upon the terms set forth herein.

## II.
## AGREEMENTS, COVENANTS, AND RELEASES

For and in consideration of the agreements, covenants, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following:

1. The Trustee, through her counsel, shall prepare, file, and serve a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**9019 Motion**"), seeking approval of the terms of this Agreement and authorizing the Trustee, the Estate, and the Debtors to enter into this Agreement. The 9019 Motion and this Agreement must be approved by all Parties prior to filing. It is expressly understood that this Agreement and the terms, conditions and obligations set forth herein are subject to approval by the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division;

2. Great American, on behalf of the Defendants, shall pay to the Trustee the sum of $2,800,000.00 (the "**Settlement Sum**"). The Settlement Sum shall be delivered to the Trustee within fourteen (14) business days after any order approving the 9019 Motion becomes final and

non-appealable. The Settlement Sum shall be paid via wire or ACH transfer in the following manner:

| ACCOUNT[1] | AMOUNT |
|---|---|
| • **Beneficiary Account Name:** Nave Communications Company Debtor<br>Linda S. Payne, Trustee C#:24-40227-BTR-7<br>P.O. Box 301, Paris, TX 75461<br>• **Beneficiary Account Number:** XXXXXXXXX0009<br>**Beneficiary Bank:** ABA #: 113126318<br>Texas Traditions Bank<br>24285 Katy Freeway, Ste 100, Katy, TX 77494 | $933,333.33 |
| • **Beneficiary Account Name:** ADDvantage Triton LLC Debtor<br>Linda S. Payne, Trustee C#:24-40227-BTR-7<br>P.O. Box 301, Paris, TX 75461<br>• **Beneficiary Account Number:** XXXXXXXXX0010<br>**Beneficiary Bank:** ABA #: 113126318<br>Texas Traditions Bank<br>24285 Katy Freeway, Ste 100, Katy, TX 77494 | $933,333.33 |
| • **Beneficiary Account Name:** Fulton Technologies, Inc. Debtor<br>Linda S. Payne, Trustee C#:24-40227-BTR-7<br>P.O. Box 301, Paris, TX 75461<br>• **Beneficiary Account Number:** XXXXXXXXX0008<br>**Beneficiary Bank:** ABA #: 113126318<br>Texas Traditions Bank<br>24285 Katy Freeway, Ste 100, Katy, TX 77494 | $933,333.34 |

3. In further consideration of the agreements, covenants and releases set forth herein, effective upon the date that any order approving the 9019 Motion becomes final and non-appealable, the Trustee, on behalf of the Debtors and the Debtors' Estates, acquit and discharge the Defendants, together with their respective attorneys, insurers, employees, agents, representatives, co-directors (past or present), co-officers (past or present), heirs, assigns, transferees, affiliates, predecessors, successors and related entities, and any other Director or Officer of the Debtors, from and against any and all claims, defenses, liabilities and causes of action, known or unknown, that have been or could have been asserted against the Defendants, any other Director or Officer of the Debtors, or under the Policy. For the avoidance of doubt, the Trustee confirms that any claims the Trustee may have against Damon Slachter for damages resulting from his creation of a third-party company unrelated to the Debtors and any attendant profits made as a result of the new company taking business from the Debtors and the Debtors' Estates has been satisfied by the Settlement Sum.

4. In further consideration of the agreements, covenants and releases set forth herein, effective upon the date that any order approving the 9019 Motion becomes final and non-appealable, the Defendants, together with their respective insurers, employees, agents,

[1] Full account numbers will be provided to Great American upon entry of the order approving the 9019 Motion.

representatives, heirs, assigns, transferees, predecessors, and successors hereby release, acquit and discharge the Trustee, the Debtors and the Debtors' Estates, together with their respective attorneys, insurers, employees, agents, representatives, heirs, assigns, transferees, affiliates, predecessors, successors and related entities, from and against any and all claims, defenses, liabilities and causes of action, known or unknown, that have been or could have been asserted against the Trustee, the Estates and the Debtors.

5. In further consideration of the agreements, covenants and releases set forth herein, effective upon the date that any order approving the 9019 Motion becomes final and non-appealable, the Trustee, the Debtors and the Debtors' Estates hereby fully and finally release, acquit and discharge the Policy (Policy No. DOL1346010) and Great American from and against any and all claims, defenses, liabilities and causes of action, known or unknown, that have been or could have been asserted under or against the Policy or Great American.

6. In further consideration of the agreements, covenants, and releases set forth herein, within three (3) business days after the 9019 Motion becomes final and non-appealable, the Trustee will dismiss the Adversary Proceeding with prejudice and without costs to any Party.

7. The Defendants expressly deny any and all wrongdoing, fault, or liability in connection with any claims or allegations made by the Debtors, the Trustee or the Debtors' Estates, and this Agreement and the performances provided hereunder are made and assumed for the compromise and settlement of disputed claims and are not, and shall not be construed to be, an admission of wrongdoing, fault, liability or a declaration against interest on the part of the Defendants or Great American.

8. This Agreement shall become effective upon the date that an Order granting the 9019 Motion shall have been entered by the Bankruptcy Court and becomes final and non-appealable, in form and substance satisfactory to the Parties (the "**Effective Date**"). The Parties expressly acknowledge that entry of such Order shall be a condition precedent to any payment obligation of the Settlement Sum and to the effectiveness of the releases and the dismissal of the Adversary Proceeding set forth herein.

9. If any dispute arises regarding the interpretation or enforcement of this Agreement, the Parties agree to mediate such dispute before Mediator Judith Ross prior to initiating any litigation.

10. Any unresolved disputes over this Agreement shall remain within the sole jurisdiction of the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

11. Each of the signatories to this Agreement represents and warrants that it/he/she has full and complete authority to bind the respective Party, and to provide an enforceable release as set forth herein, for whom such signatory acts.

12. Each of the Parties to this Agreement represents that it/he/she has carefully read and fully understands all of the provisions of this Agreement, that it/he/she has been given the opportunity to fully discuss the contents of this Agreement with independent counsel of its/his/her choice, and that it/he/she is voluntarily entering into this Agreement.

13. This Agreement may be executed and transmitted via electronic mail in multiple counterparts, including via DocuSign, all of which, taken together, shall constitute but a single agreement, and each of which shall be deemed an original.

14. This Agreement shall be governed and construed by the substantive laws of the State of Texas, without regard to the choice of law rules of Texas or any other jurisdiction.

15. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly construed for or against any of the Parties. The Parties agree that this Agreement shall be deemed to have been jointly drafted for purposes of applying any rules of construction.

16. Each of the Parties shall be responsible for its/his/her own attorneys' fees and costs. Notwithstanding the foregoing, should any of the Parties be forced to seek judicial intervention to enforce any provision of this Agreement, such Party, if it/he/she prevails, shall be entitled to recover its/his/her reasonable attorneys' fees and costs.

17. No provision of this Agreement may be modified or waived in any way except by agreement in writing signed by each Party expressly consenting to such a modification.

18. If any term, covenant, or condition of this Agreement is held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

19. This Agreement is binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, successors, and assigns.

[SIGNATURE PAGE TO FOLLOW]

EXECUTED as of the date set forth above.

**LINDA S. PAYNE, the Chapter 7 Bankruptcy Trustee for ADDvantage Triton LLC; Fulton Technologies, Inc.; Nave Communications Company; and ADDvantage Technologies Group, Inc.**

By: ________________________
Linda S. Payne

**JOSEPH E. HART**

By: ________________________
Joseph E. Hart

**MICHAEL RUTLEDGE**

By: ________________________
Michael Rutledge

**DAMON SLACHTER**

By: ________________________
Damon Slachter

**MICHAEL BURCH**

By: ________________________
Michael Burch

**GREAT AMERICAN INSURANCE GROUP**

By: ________________________
Tara Larson
Claims Director-Executive Liability Division

EXECUTED as of the date set forth above.

**LINDA S. PAYNE, the Chapter 7 Bankruptcy Trustee for ADDvantage Triton LLC; Fulton Technologies, Inc.; Nave Communications Company; and ADDvantage Technologies Group, Inc.**

By: ___________________________
Linda S. Payne

**JOSEPH E. HART**

By: ___________________________
Joseph E. Hart

**MICHAEL RUTLEDGE**

By: ___________________________
Michael Rutledge

**DAMON SLACHTER**

By: ___________________________
Damon Slachter

**MICHAEL BURCH**

By: ___________________________
Michael Burch

**GREAT AMERICAN INSURANCE GROUP**

By: ___________________________
Tara Larson
Claims Director-Executive Liability Division

EXECUTED as of the date set forth above.

**LINDA S. PAYNE, the Chapter 7 Bankruptcy Trustee for ADDvantage Triton LLC; Fulton Technologies, Inc.; Nave Communications Company; and ADDvantage Technologies Group, Inc.**

By: ___________________________
Linda S. Payne

**JOSEPH E. HART**

By: ___________________________
Joseph E. Hart

**MICHAEL RUTLEDGE**

By: ___________________________
Michael Rutledge

**DAMON SLACHTER**

By: ___________________________
Damon Slachter

**MICHAEL BURCH**

By: ___________________________
Michael Burch

**GREAT AMERICAN INSURANCE GROUP**

By: ___________________________
Tara Larson
Claims Director-Executive Liability Division

EXECUTED as of the date set forth above.

**LINDA S. PAYNE, the Chapter 7 Bankruptcy Trustee for ADDvantage Triton LLC; Fulton Technologies, Inc.; Nave Communications Company; and ADDvantage Technologies Group, Inc.**

By: ___________________________
Linda S. Payne

**JOSEPH E. HART**

By: ___________________________
Joseph E. Hart

**MICHAEL RUTLEDGE**

By: ___________________________
Michael Rutledge

**DAMON SLACHTER**

By: ___________________________
Damon Slachter

**MICHAEL BURCH**

By: ___________________________
Michael Burch

**GREAT AMERICAN INSURANCE GROUP**

By: Tara Larson
Tara Larson
Claims Director-Executive Liability Division



Classified as General

EXECUTED as of the date set forth above.

**LINDA S. PAYNE, the Chapter 7 Bankruptcy Trustee for ADDvantage Triton LLC; Fulton Technologies, Inc.; Nave Communications Company; and ADDvantage Technologies Group, Inc.**

By: ___________________________
Linda S. Payne

**JOSEPH E. HART**

By: ___________________________
Joseph E. Hart

**MICHAEL RUTLEDGE**

By: ___________________________
Michael Rutledge

**DAMON SLACHTER**

By: ___________________________
Damon Slachter

**MICHAEL BURCH**

By: ___________________________
Michael Burch

**GREAT AMERICAN INSURANCE GROUP**

By: ___________________________
Tara Larson
Claims Director-Executive Liability Division

**DAMON SLACHTER**

By: ___________________________
Damon Slachter

**MICHAEL BURCH**

By: ___________________________
Michael Burch

**GREAT AMERICAN INSURANCE GROUP**

By: ___________________________
Tara Larson
Claims Director-Executive Liability Division